E-filing

JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882

Attorneys for Plaintiff

ORIGINAL FILED
FEB - 7 2006
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LEE COLLINS,

    Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; STEPHEN BENZINGER, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,

    Defendants.
_____/

Case No. C06-00818 JSW

COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.
JURY TRIAL DEMANDED

## JURISDICTION

1.     This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, LEE COLLINS, is and was at all times herein mentioned readily recognizable as an African-American and he is a citizen of the United States residing in the City and County of San Francisco in California.

3. Defendant City and County of San Francisco ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Francisco Police Department.

4. At all times mentioned herein, Defendant STEPHEN BENZINGER ("BENZINGER") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

5. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

6. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

7. On the afternoon of July 30, 2005, Mr. COLLINS had left his residence on 45 Middlepoint Road, where he resides with the mother of his children, and his children (Mr. COLLINS maintains a separate mailing address in Oakland), when he was stopped by Defendant Officer BENZINGER. At the time, Mr. COLLINS was on his way to his grandmother's house nearby. Officer BENZINGER told Mr. COLLINS that he would arrest Mr. COLLINS every time he saw him.

Mr. COLLINS had no warrants at the time of his arrest on July 30, 2005, and was not engaged in any activity that would indicate he was "loitering" or otherwise involved in any illegal activity.

8. Defendant Officer BENZINGER wrote in his police report that he saw Mr. COLLINS sitting on a ledge behind 207 Westpoint, within 75 feet of Westpoint and Middlepoint Streets. Some people allegedly yelled "five oh!" and Mr. COLLINS looked around and allegedly began walking slowly northbound. Defendant Officer BENZINGER stated in his report that he therefore "saw that COLLINS was violating the court order." However, Defendant Officer BENZINGER stated nowhere in his report that he had seen Mr. COLLINS at the intersection of Westpoint and Middlepoint Streets.

9. Defendant Officer BENZINGER's report makes no mention of how long he observed Mr. COLLINS or whether he had seen Mr. COLLINS in the area earlier in the day, or at any other time in that area. Defendant Officer BENZINGER alleged in his report that Mr. COLLINS told him he lived in Oakland, and was visiting his mother, aunt, grandmother, and his kids. In spite of this information and the brief time period that he observed Mr. COLLINS, Defendant BENZINGER arrested Mr. COLLINS and he was booked at the Bayview station on a charge of violating a Court order prohibiting Mr. COLLINS from loitering at the intersection of Middlepoint and Westpoint Streets.

10. Plaintiff alleges that Defendant Officer BENZINGER's limited observation of Mr. COLLINS afforded no opportunity for him to observe whether Mr. COLLINS was possibly "loitering", and Mr. COLLINS provided a reasonable and legitimate purpose for being in the area.

11. BENZINGER also states in his report that he has "prior knowledge that Collins has a court order in court# 2220591 ordering the following: No loitering at the intersection of Middlepoint/Westpoint." BENZINGER stated in his report that he also knew that Mr. COLLINS had been arrested for allegedly violating that court order on July 27, 2005. BENZINGER cited that case number in his report as well.

12. Plaintiff LEE COLLINS is currently a Plaintiff in a case against the CITY AND COUNTY OF SAN FRANCISCO, regarding events that occurred on the evening of August 25, 2003 (Northern District Federal Court, Case No. C 04 3982 PJH). In that case, Mr. COLLINS alleged that

he had been illegally detained, searched, arrested and subjected to the use of excessive force by CITY AND COUNTY OF SAN FRANCISCO Police Officers Matt Mason and Stephen Jonas. Criminal charges against Mr. COLLINS relating to that incident were dismissed on March 22, 2004, after a preliminary hearing in which it was determined that there was insufficient cause for those officers to have detained and searched Mr. COLLINS. Mr. COLLINS subsequently filed a federal civil rights lawsuit as discussed herein.

13. A minor plaintiff filed a related civil lawsuit that named Defendant Officer STEPHEN BENZINGER as a Defendant in *M.L. v. CITY AND COUNTY OF SAN FRANCISCO, et al.* Northern District Federal Court Case No. C 04 01782 PJH. The minor plaintiff alleged that as he witnessed the police beating of Mr. COLLINS on August 25, 2003, Defendant Officer STEPHEN BENZINGER struck him in the arm with a nightstick and told him to "get back." The minor plaintiff alleged that he had not interfered with anyone and had done nothing to provoke such an attack by Defendant Officer STEPHEN BENZINGER. The minor plaintiff contended that Officer BENZINGER's command to "get back" and the officer's physical attack were simultaneous, thereby affording the minor plaintiff no opportunity to comply with Defendant Officer BENZINGER's order. Defendant Officer BENZINGER specifically denied using any force against the minor plaintiff and denied any recollection of the minor plaintiff during that August 25, 2003 incident, although the minor plaintiff identified Defendant Officer BENZINGER by badge number and in person during an Office of Citizen Complaints investigation as the officer who struck him in the arm with a nightstick.

14. Plaintiff LEE COLLINS alleges on information and belief that Defendant Officer BENZINGER has an extensive history of citizen's complaints filed against him. Plaintiff LEE COLLINS further alleges that the wrongful arrest by Defendant Officer BENZINGER on July 30, 2005, was the result of a policy or custom of the CITY AND COUNTY OF SAN FRANCISCO in failing to properly train, discipline, and supervise its police officer employees in the reasonable and lawful making of arrests. This ongoing failure to train, discipline, and supervise police officer employees proximately caused the false arrest of Plaintiff LEE COLLINS on July 30, 2005. Plaintiff further contends that this ongoing failure by Defendant CITY to hold its police officer employees accountable for their misconduct and repeated alleged violations of the civil rights of people wrongfully detained and/or

arrested, and/or the use of excessive force by its police officer employees, created a culture within the San Francisco Police Department that is permissive of such alleged misconduct by its police officer employees, thereby ratifying the ongoing making of false arrests and use of excessive force by its police officer employees. Plaintiff further contends that Defendant CITY has been deliberately indifferent to the U.S. Constitutional Civil Rights of the very people whom they are charged to serve and protect.

15. On August 16, 2005, all counts of alleged violation of a court order were dismissed in Department 17 of the City and County of San Francisco Superior Court after Plaintiff LEE COLLINS successfully demurred to the Misdemeanor Complaint filed against him by the San Francisco District Attorney's Office. Plaintiff's demurrer as to the July 30, 2005 charge contended that the facts alleged by Defendant Officer BENZINGER failed to constitute a public offense. Plaintiff contended that since there was no factual allegation by Defendant Officer BENZINGER that he was even at the intersection of Westpoint and Middlepoint Streets, and that Defendant Officer BENZINGER had no extended period of observation to determine whether Mr. COLLINS was loitering, there could be no reasonable basis to believe that Mr. COLLINS was in violation of the Court order.

16. Plaintiff contends that the wrongful arrest on July 30, 2005 by Defendant Officer BENZINGER was not reasonably based on any violation of a court order by Plaintiff. Plaintiff alleges that the wrongful arrest by Defendant Officer BENZINGER was a form of retaliation against Plaintiff LEE COLLINS, for filing civil rights lawsuit in a case factually related to the civil case for which Defendant Officer BENZINGER is being sued by a minor plaintiff, as alleged herein.

17. Plaintiff was incarcerated overnight and paid a bail bond to be released from jail before his charges were dismissed. Plaintiff incurred costs associated with the criminal defense against the false charge of violating a court order.

18. The arrest of Plaintiff by defendant officer BENZINGER on July 30, 2005, was malicious, wanton and was done without any just provocation or cause, proximately causing Plaintiff's damages.

19. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 5

20. As a proximate result of defendants' conduct, plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officer BENZINGER, and DOES 1-10)

21. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 20 of this Complaint.

22. In doing the acts complained of herein, Defendants BENZINGER, and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   d. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, HEATHER FONG, and DOES 11-25)

23. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. Plaintiff is informed and believes and thereon alleges that high ranking City of

San Francisco officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers BENZINGER, and DOES 1-10, and/or each of them.

25. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

26. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, and the reckless and/or conscious disregard of the misconduct by Defendants BENZINGER and DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

27. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

d. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

28. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (42 U.S.C. section 1983)
### (Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

29. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

30. As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

31. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

32. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

33. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

34. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant BENZINGER, DOES 1-10, and/or each of them.

35. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   d. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

36. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

37. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $1,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;
5. For cost of suit herein incurred; and
6. For such other and further relief as the Court deems just and proper.

Dated: February 6, 2006

The Law Offices of John L. Burris

By: /s/ John L. Burris
John L. Burris
Attorney for Plaintiff

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 10